IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**BLACKHAWK MINING, INC.,**
**Employer Below, Petitioner**

**v.) No. 24-ICA-31**   (JCN: 2021003682)

**ARCHIE CALDWELL,**
**Claimant Below, Respondent**

FILED
**July 1, 2024**
ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Blackhawk Mining, Inc., ("Blackhawk") appeals the December 20, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent Archie Caldwell filed a response.[1] Blackhawk filed a reply. The issue on appeal is whether the Board erred in reversing the claim administrator's order, which granted Mr. Caldwell an 8% permanent partial disability ("PPD") award, and instead granted him an additional 13% PPD award, for a total PPD award of 21%.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On August 13, 2020, while employed by Blackhawk, Mr. Caldwell suffered injuries to his lower back when he was replacing track segments. On May 26, 2021, the Board held the claim compensable for lumbar sprain. On March 18, 2022, the Office of Judges added L5 radiculopathy to the claim as a compensable condition and authorized an L5-S1 spinal fusion. Prior to the compensable injury, Mr. Caldwell suffered a back contusion, in claim number 930041046, when he slipped and fell from his truck bed. Mr. Caldwell was granted no PPD from this injury.[2] On April 3, 2019, Mr. Caldwell underwent an x-ray of his lumbar spine revealing very mild anterolisthesis of L5 relative to L4, spondylolysis in the pars

---

[1] Blackhawk is represented by Billy R. Shelton, Esq. Mr. Caldwell is represented by Reginald D. Henry, Esq., and Lori J. Withrow, Esq.

[2] Mr. Caldwell suffered another occupational back injury in 1996 from falling backward off a truck, but it is unclear from the record whether that claim was held compensable.

interarticularis of L5, moderate to advanced disc degeneration at L2-L3, mild degeneration at L3-L5, and moderate degeneration at L5-S1.

Mr. Caldwell was evaluated by Prasadarao Mukkamala, M.D., on May 24, 2022.[3] On August 3, 2022, the claim administrator issued an order granting Mr. Caldwell an 8% PPD award based on Dr. Mukkamala's report. Mr. Caldwell protested this order.

On December 6, 2022, Mr. Caldwell was evaluated by Bruce Guberman, M.D. Dr. Guberman opined that Mr. Caldwell had reached MMI. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) ("*Guides*"), Dr. Guberman found 12% whole person impairment ("WPI") from Category IV-D of Table 75, and 16% WPI for loss of range of motion of the lumbar spine. Applying West Virginia Code of State Rules § 85-20 (2006) ("Rule 20"), Dr. Guberman placed Mr. Caldwell in Lumbar Category V of Table 85-20-C, which has an impairment range of 25%-28%. Dr. Guberman found evidence of post-surgery radiculopathy. Dr. Guberman noted that Mr. Caldwell had preexisting degenerative conditions and previous occupational back injuries from 1993 and 1996 and, therefore, apportioned 5% of the impairment to those factors. Ultimately, Dr. Guberman opined that Mr. Caldwell had 21% WPI related to his compensable injuries.

Rajesh Patel, M.D., was deposed on January 13, 2023, and stated that Mr. Caldwell's fusion was stable, and that he had reached MMI for his radiculopathy and subsequent lumbar fusion surgery, on or about February 9 or 10, 2022.

On February 7, 2023, Michael Kominsky, D.C., evaluated Mr. Caldwell. Dr. Kominsky assessed post-operative lumbar fusion, acute L4-L5 right radiculopathy, spondylolisthesis at L5-S1 and chronic lumbar sprain/strain. Dr. Kominsky opined that Mr. Caldwell had reached MMI. Using the *Guides*, Dr. Kominsky found 12% WPI from Category IV-D of Table 75, 18% WPI for abnormal motion of the lumbar spine, and 5% WPI due to neurological deficits, for a combined total of 32% WPI, which he adjusted to 28% WPI under Lumbar Category V of Table § 85-20-C. Dr. Kominsky chose not to apportion any of the impairment to Mr. Caldwell's preexisting injuries or his degenerative back condition.

Mr. Caldwell was reevaluated by Dr. Mukkamala on February 14, 2023. Using the *Guides*, Dr. Mukkamala opined that Mr. Caldwell had 12% WPI under Table 75, 12% WPI for loss of range of motion, and 0% impairment for neurological findings. Applying Rule 20, Dr. Mukkamala placed Mr. Caldwell in Lumbar Category IV of Table 85-20-C, which has an impairment range of 20%-23%. Dr. Mukkamala opined that Mr. Caldwell had a total of 23% impairment. Although Dr. Mukkamala noted that Mr. Caldwell had radiculopathy prior to surgery, he found no evidence of post-surgery radiculopathy. Dr.

---

[3] This report was not submitted to the Board.

Mukkamala apportioned 15% of the impairment to preexisting degenerative spondyloarthropathy and ultimately opined that Mr. Caldwell had 8% WPI related to his compensable injuries.

On December 20, 2023, the Board reversed the claim administrator's order that granted Mr. Caldwell an 8% PPD award, and instead granted him an additional 13% PPD award, for a total PPD award of 21%. The Board found that Dr. Guberman's report was the most persuasive and was supported by the weight of the medical evidence. Blackhawk now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Blackhawk argues that Dr. Mukkamala's medical opinion is correct, in line with the evidentiary record and statutory law. Blackhawk further argues that Dr. Mukkamala adequately explained why Dr. Kominsky's 28% impairment and Dr. Guberman's 26% impairment were incorrect and not in conformity with the *Guides*. Blackhawk also argues that Dr. Patel found no radiculopathy after Mr. Caldwell reached MMI, and that Lumbar Category V of Table § 85-20-C requires a finding of radiculopathy after reaching MMI and postoperatively. Finally, Blackhawk argues that the opinions of Dr. Guberman and Dr. Kominsky are not in line with the observations of Mr. Caldwell's own treating physician and should have been rejected by the Board. We disagree.

Here, the Board determined that Dr. Guberman's report was the most persuasive and was supported by the weight of the medical evidence. The Board further found that Dr. Mukkamala's report was not reliable because he failed to offer an impairment rating for radiculopathy, despite radiculopathy being a compensable condition in this claim. Further,

3

the Board noted that the medical evidence established that Mr. Caldwell continued to experience pain related to radiculopathy.

Upon review, we conclude that the Board was not clearly wrong in finding that Dr. Guberman's report was the most persuasive and was supported by the weight of the medical evidence. As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in reversing the claim administrator's order, which granted Mr. Caldwell an 8% PPD award, and instead granted him an additional 13% PPD award, for a total PPD award of 21%.

We note that Blackhawk's arguments ignore the fact that radiculopathy is a compensable condition in this claim and, further, it fails to explain why the impairment for a compensable condition should not be rated. We further note that Dr. Patel indicated that Mr. Caldwell's radiculopathy was at MMI, not, as Blackhawk argued, that Mr. Caldwell was no longer suffering from radiculopathy.

Accordingly, we affirm the Board's December 20, 2023, order.

Affirmed.

**ISSUED:** July 1, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear